## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMES EDWARD BANE,

      Petitioner,                      Civil No. 05-CV-70465-DT

                                         HONORABLE JOHN CORBETT O'MEARA

v.                                  UNITED STATES DISTRICT JUDGE

KENNETH McKEE,

      Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

James Edward Bane, ("Petitioner"), presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In *pro se* his application, petitioner challenges his conviction on one count of second-degree murder, M.C.L.A. 750.317; one count of mutilation of a dead body, M.C.L.A. 750.160; and one count of arson of personal property over the value of $ 50.00, M.C.L.A. 750.74.  Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1).  Petitioner has filed a response to the motion for summary judgment.  For the reasons stated below, the application for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

### I.  Background

Petitioner was convicted of the above offenses following a jury trial in the

1

Roscommon County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Bane,* 218586 (Mich.Ct.App. April 24, 2001); *reh. den.* 218586 (Mich.Ct.App. July 5, 2001); *lv. den.* 465 Mich. 959; 640 N.W. 2d 875 (2002).

On October 19, 2002, petitioner filed a petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan. The petition was dismissed without prejudice on July 30, 2003, because the petition contained a claim which had not been exhausted with the state courts. *Bane v. Romanowski,* 2003 WL 21911217 (E.D. Mich. July 30, 2003)(Hood, J.).

Petitioner never returned to the state courts to file a post-conviction motion to exhaust this claim. Instead, petitioner filed the instant application for writ of habeas corpus with this Court on January 5, 2005. [1]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to

---

[1]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on January 5, 2005, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

2

habeas proceedings. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, the Michigan Supreme Court denied petitioner leave to appeal from his appeal of right in the Michigan Court of Appeals on March 4, 2002.  Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000).  Petitioner's judgment therefore became final on June 2, 2002, when he failed to file a petition for writ of

3

certiorari with the U.S. Supreme Court. *See Fugate v. Booker*, 321 F. Supp. 2d 857, 859 (E.D. Mich. 2004). Petitioner therefore had until June 2, 2003 to file his petition in compliance with the statute of limitations unless the one year period was somehow tolled. *Id.* at 859-60.

In the present case, Petitioner filed his instant habeas petition on October 19, 2002, after one hundred and thirty nine days had already run on the one year statute of limitations.

Although a petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations for habeas cases found in 28 U.S.C. § 2244(d)(1), *See Duncan v. Walker*, 533 U.S. 167, 181 (2001), Justice Stevens indicated in a concurring opinion that neither the Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of the AEDPA would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." *Id.* at 183.

At least two other judges in this district have held that a habeas petitioner should be entitled to the equitable tolling of the one year statute of limitations for the time that his first habeas petition was pending in federal court. *See Johnson v. Warren,* 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004); *Corbin v. Straub,* 156 F. Supp. 2d 833, 837 (E.D. Mich. 2001). This Court believes, as did Judge Hood in her prior order of summary dismissal, that the AEDPA's statute of limitations should be equitably tolled during the period in which petitioner's first application for habeas relief was pending in this Court,

4

particularly where the prior habeas petition was dismissed without any indication that petitioner could move to re-open or reinstate his petition under the same case number. *See Rupert v. Johnson*, 83 F. Supp. 2d 801, 804-05 (W.D Tex. 1998). Because one hundred and thirty nine days had already elapsed on the one year limitations period prior to the filing of his first application for habeas relief, petitioner had two hundred and twenty six days remaining following the dismissal of his first habeas petition on July 30, 2003, or until March 12, 2004, to either return to the state courts to exhaust his unexhausted claim or to resubmit a new petition to the federal courts which contained only exhausted claims. Because petitioner's current petition was not filed until almost ten months later on January 5, 2005, the petition is untimely.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The Sixth Circuit also noted that the doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *She Jurado v. Burt,* 337 F. 3d 638, 642 (6th Cir. 2003).

Petitioner contends that he should be entitled to equitable tolling, because his lack

5

of knowledge in the law caused him to seek the assistance of another inmate or "jailhouse lawyer" to prepare his state post-conviction motion for relief from judgment for him. Petitioner claims that the agreement that he entered into with this inmate, John D. Huffman, required him to turn over his trial transcripts and other documents to Huffman. Shortly thereafter, petitioner was transferred from the St. Louis Correctional Facility to his current place of incarceration at Bellamy Creek Correctional Facility. After being transferred, petitioner claims that he wrote several letters to Huffman inquiring about the status of his post-conviction motion. When Huffman failed to respond, petitioner made several requests to Huffman that he return his legal documents to him. When petitioner received no response from Huffman, petitioner sent several letters or "kites" to the case manager at the St. Louis Corectional Facility, to find out why Huffman had failed to respond to his letters. Finally, on October 18, 2004, Case Manager R. Riley wrote petitioner and informed him that Huffman's legal agreements to assist other inmates with their legal matters were revoked on June 30, 2004 because Huffman had violated Michigan Department of Corrections' P.D. 05.03.118. In this letter, Riley also informed petitioner that on July 14, 2004, Huffman's prison account was charged $ 18.50 for postage to return petitioner's legal mail which Huffman had in his possession. Petitioner, however, claims that he did not actually receive back his legal documents from Huffman until October 18, 2004, and not earlier, as Riley implied.

An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,*

306 F. 3d 441, 444 (6th Cir. 2002).  Likewise, a claim that a habeas petitioner did not have

professional legal assistance is not an extraordinary circumstance which would toll the

statute of limitations. *Wilson v. Birkett,* 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002).  The

fact that petitioner would lack the legal sophistication to pursue his claims is not an

extraordinary circumstance that would equitably toll the statute of limitations. *Hood v.

Galaza*, 47 F. Supp. 2d 1144, 1148 (S.D. Cal. 1999).  Finally, ignorance of the law does

not justify equitable tolling either, even for a prisoner who is proceeding *pro se. See

Spencer v. White,* 265 F. Supp. 2d 813, 818 (E.D. Mich. 2003).

Moreover, to the extent that petitioner claims that he could not file his state post-

conviction motion for relief from judgment because Huffman was in possession of his

trial transcripts, this would not be a basis for equitable tolling.  A habeas petitioner's lack

of access to his trial transcripts does not preclude a habeas petitioner from commencing

post-conviction proceedings and would not equitably toll the limitations period for filing

a petition for writ of habeas corpus. *Jihad v. Hvass,* 267 F. 3d 803, 806 (8th Cir. 2001);

*Gassler v. Bruton,* 255 F. 3d 492, 495 (8th Cir. 2001); *Grayson v. Grayson,* 185 F. Supp.

2d 747, 751-52 (E.D. Mich. 2002).  "Possession of a transcript is not a 'condition

precedent' to the filing of a state post-conviction motion." *Grayson,* 185 F. Supp. 2d at

752 (citing to *Gassler,* 255 F. 3d at 495).  Petitioner could have timely filed a post-

conviction motion for relief from judgment with the state trial court, after which the trial

court could have ordered production of the transcripts. *Id.*

Likewise, petitioner's lack of access to his other legal materials would not be an

7

exceptional circumstance warranting the equitable tolling of the one year limitations

period. *Jones v. Gundy*, 100 F. Supp. 2d 485, 488 (W.D. Mich. 2000).  The right of access

to the courts has never been equated with the access to legal materials. *Id.*  Moreover,

because petitioner has not provided any specific reasons stating how the lack of access to

legal materials prevented him from filing his habeas petition on time, he has failed to

establish a basis for equitable tolling. *Jones*, 100 F. Supp. 2d at 488.

Petitioner also claims that the limitations period should be equitably tolled,

because prison officials failed to send petitioner his legal materials after confiscating

them from Mr. Huffman after revoking his ability to do legal work for other inmates.

The intentional confiscation of a habeas petitioner's legal papers by a corrections

officer shortly before the filing deadline may justify equitable tolling of the AEDPA's

limitations period. *See Valverde v. Stinson,* 224 F. 3d 129, 133-34 (2nd Cir. 2000).

However, a habeas petitioner's "bare assertion" or "unsupported allegation" that prison

officials confiscated his habeas petition or other legal materials is insufficient to justify

tolling of the limitations period. *See Mateos v. West,* 357 F. Supp. 2d 572, 577 (E.D.N.Y.

2005).  In this case, petitioner has provided nothing other than bare speculation from

himself that his legal materials were confiscated by prison officials, rather than misplaced

by Huffman.  Moreover, the mere negligent confiscation of a habeas petitioner's legal

materials does not justify equitable tolling. *See Paul v. Conway,* 2005 WL 914384, * 6

(S.D.N.Y. April 19, 2005).  In the absence of any proof from petitioner that prison

officials intentionally confiscated his legal materials from Huffman, he would not be

8

entitled to equitable tolling on this basis.

Finally, petitioner is not entitled to equitable tolling merely because he entrusted a fellow inmate to prepare his state post-conviction motion for him and this inmate failed to file a timely post-conviction motion, because this was not a circumstance beyond petitioner's control. *See United States v. Cicero,* 214 F. 3d 199, 204-05 (D.C. Cir. 2000)(federal inmate was not entitled to equitable tolling on the ground that prisoner gave his legal papers to "jailhouse lawyer" whose placement in segregation resulted in separation of prisoner from his papers, as prisoner entrusted his papers to another at his own peril); *Paige v. United States,* 171 F. 3d 559, 561 (7th Cir. 1999)(equitable tolling not available to prisoner whose petition, which was prepared by an inmate in a different prison, was delayed in the mail; situation was not beyond the prisoner's control, because the petitioner could have prepared his own motion or sought the assistance of a legal aide in his own prison as the legal deadline for filing the motion drew near); *Henderson v. Johnson,* 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998)(habeas petitioner's allegations that a fellow inmate agreed to file his petition for him and fraudulently represented that he had done so did not justify equitable tolling; petitioner was always in charge of his habeas petition, but voluntarily chose to rely on the assistance of a fellow inmate and this inmate's conduct did not render it impossible for petition to be timely filed, because petitioner could have filed his habeas petition himself at any time); *See also Cox v. Edwards,* 2003 WL 2221059, * 3 (S.D.N.Y. September 26, 2003)(loss of legal papers by other inmates does not entitle a habeas petitioner to equitable tolling of the AEDPA's

9

limitations period).

The Court therefore rejects this as a basis for equitable tolling. As one judge has commented: "[I]t is common for prisoners to count on other inmates for assistance in filing lawsuits or seeking habeas relief." *Henderson,* 1 F. Supp. 2d at 655. "[I]nmates who assist other prisoners with legal matters are not subject to the ethical and fiduciary obligations of lawyers. If their miscreant, inept, or negligent conduct were deemed sufficient of itself to toll the AEDPA limitations period, the time-bar would be rendered virtually meaningless." *Id.*

Petitioner is also not entitled to equitable tolling on this basis, because the two and a half month delay between the time that he received his legal papers on October 18, 2004 and the filing of the instant petition on January 5, 2005 demonstrates a lack of diligence on his part and thus defeats any equitable tolling argument. *See Warren v. Kelly,* 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)(claim that state prison officials confiscated petitioner's legal documents did not warrant equitable tolling, where the petition was not filed until at least three months after the alleged confiscation).

Petitioner also claims that the untimeliness of his petition should be excused because he is actually innocent of the crimes for which he was convicted.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable

10

juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In this case, petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner, by his own admission, has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *Holloway,* 166 F. Supp. 2d at 1191. Instead, petitioner's primary argument is that he is actually innocent, because there was insufficient evidence to convict him of these crimes. Petitioner's sufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *Redmond v. Jackson,* 295 F. Supp. 2d at 773; *Grayson v. Grayson,* 185 F. Supp. 2d at 752. Likewise, petitioner's prosecutorial misconduct claim relates to the fundamental fairness of his trial

11

and not to his actual innocence, and therefore cannot toll the limitations period based on

an actual innocence exception. *See Cannon v. Johnson,* 23 Fed. Appx. 218, 220 (6th Cir.

2001). Finally, petitioner's self-serving statements that the prosecution's expert witnesses

offered misleading testimony is likewise insufficient to establish petitioner's actual

innocence, so as to toll the limitations period. *See Eisermann v. Penarosa*, 33 F. Supp. 2d

1269, 1275 (D. Hawaii 1999).

### III.  Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's

one year statute of limitations contained in § 2244(d)(1). Accordingly, the Court will

summarily dismiss the current petition. The Court will also deny petitioner a certificate

of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from

the district court's denial of a writ of habeas corpus may not be taken unless a certificate

of appealability (COA) is issued either by a circuit court or district court judge. If an

appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall

either issue a certificate of appealability or state the reasons why a certificate of

appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a

prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C.

§ 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claims, a certificate of appealability

should issue, and an appeal of the district court's order may be taken, if the petitioner

shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753.  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in*

*forma pauperis.*


                          s/John Corbett O'Meara
                          John Corbett O'Meara
                          United States District Judge


Dated:  December 21, 2005